UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-10013-RGS

JOHN M. KEOUGH, Trustee of Fisher Hill Realty Trust

v.

SHONA PENDSE, PANKAJ MERCHIA, and JAGJIWAN MERCHIA

<u>ORDER REMANDING ACTION AS DUPLICATIVE AND WARNING</u>

January 13, 2025

STEARNS, D.J.

On January 2, 2025, Jagjiwan Merchia, proceeding *pro se*, filed a Notice of Removal seeking to remove *John M. Keough As Trustee of Fisher Hill Realty Trust v. Pendse, Shona*, 2409CV000102, a civil action pending in Brookline District Court, to this Court.  Doc. No. 1.  Merchia filed a motion for leave to file electronically *pro se*.  Doc. No. 2.

Initially, this action was randomly assigned. *See* Doc. No. 3.  However, it was subsequently assigned directly to the undersigned as related to *Keough v Merchia, et al.*, No. 24-cv-12898-RGS. *See* Doc. Nos. 6, 7.  The court's records indicate that on November 20, 2024, co-defendant Pankaj Merchia sought to remove the same action, 2409CV000102, from Brookline District Court. *See Keough v Merchia, et al.*, No. 24-cv-12898-RGS (notice of removal filed Nov. 20, 2024).  After Pankaj Merchia failed to show cause why the action ought not be remanded to state court for lack of jurisdiction,

on December 16, 2024, the action was remanded to the Brookline District Court. *Id.*

Now Jagjiwan Merchia seeks to remove the same action that was previously remanded to state court. Here, the notices of removal, the complaints, and the other attached documents are essentially identical in this action and in *Keough v Merchia, et al.*, No. 24-cv-12898-RGS. The court has already remanded *Keough v Merchia, et al.*, No. 24-cv-12898-RGS to state court for lack of subject matter jurisdiction. The present action is simply a duplicative re-filing. Because the court in No. 24-cv-12898-RGS already properly remanded the action to state court, the present case is dismissed as duplicative and for lack of subject matter jurisdiction.

Finally, the *pro se* defendants are warned that the court may impose sanctions upon a party that continues to file repetitious or frivolous claims. The court's records indicate that Jagjiwan Merchia, Pankaj Merchia and Shona Pendse have been parties to one or more civil actions that were filed in this federal court. *See Boylston Brookline LLC v. Merchia, et al.*, No. 25-10012-ADB (pending); *Nepreo Inc. v. Pendse, et al.*, No. 24-12899-MJJ (closed); *Richardson v. Merchia*, No. 19-cv-11652-WGY (closed); *Merchia v United States, et al.*, No. 18-cv-10424-PBS (closed).

Judicial resources are limited and should not be diverted to frivolous or repetitious claims. As the Supreme Court has explained, "every paper filed

[with the Court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam).  This court has a "responsibility to see that these resources are allocated in a way that promotes the interests of justice, and the "continual processing" of "repetitious or frivolous" actions "does not promote that end."  *Id.*  "Federal courts possess discretionary powers to regulate the conduct of abusive litigants" and "[t]his includes the ability to enjoin a party—even a *pro se* party—from filing frivolous and vexatious motions." *United States v. Gomez Rosario*, 418 F.3d 90, 101 (1st Cir. 2005). The court warns the defendants that should any of them persist in seeking to remove an action for which this federal court lacks jurisdiction, or is otherwise frivolous or repetitious, they could be subject to sanctions, including without limitation, monetary sanctions and/or an injunction requiring a party to obtain the court's permission before filing a new action. The court hopes that this warning will deter the defendants from filing repetitious or frivolous claims.

Accordingly, this action is REMANDED to the Brookline District Court.  In light of the remand, the motion, Doc. No. 2, for leave to file electronically *pro se* is DENIED.  The Clerk is directed to enter a separate order of remand, and the remand shall be immediately transmitted by the

3

Clerk, pursuant to Local Rule 81.1(d).  *See Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 81 (1st Cir. 2021).

                                      SO ORDERED.

                                      <u>/s/ Richard G. Stearns</u>
                                      UNITED STATES DISTRICT JUDGE